# EXHIBIT A

Peter Kober, Esq.
006481979
Kober law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Kofi Bayete

_____

| | |
|---|---|
| KOFI BAYETE, | Superior Court of New Jersey |
| | Law Division: Cumberland County |
| Plaintiff | |
| | Docket No.  CUM-L- _____ |
| vs. | |
| | Civil Action |
| | |
| | **VERIFIED COMPLAINT** |
| | **AND JURY DEMAND** |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, | |
| LIEUTENANT JOBERT, CORRECTIONS OFFICER ELBOUF, | |
| SERGEANT E. PIPITONE and JOHN/JANE DOES 1-10, | |
| | |
| Defendants | |
| | |

_____

Plaintiff, KOFI BAYETE, residing at South Woods State Prison, 215 South Burlington Road, in the City of Bridgeton, County of Cumberland, and State of New Jersey 08302, by way of complaint against the above-named defendants, alleges as follows:

COUNT I

TITLE II OF THE ADA CLAIM/NJLAD PLACE OF PUBLIC ACCOMMODATION CLAIM AGAINST STATE ENTITY AND AGAINST AIDING AND ABETTING INDIVIDUAL DEFENDANTS (NJLAD ONLY)

1. Plaintiff, KOFI BAYETE, is an adult individual, who is an inmate serving a term of imprisonment in state prison, currently at South Woods State Prison, 215 South Burlington Road, in the City of Bridgeton, County of Cumberland, and State of New Jersey 08302.

2. Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, is an entity of the State of New Jersey, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer, and State of New Jersey 08625.

3. Defendant, LIEUTENANT JOBERT, sued in his individual capacity, is an adult individual, and an employee of Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer, and State of New Jersey 08625.

4. Defendant, CORRECTIONS OFFICER ELBOUF, sued in his individual capacity, is an adult individual, and an employee of Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer, and State of New Jersey 08625.

5. Defendant, SERGEANT E. PIPITONE, sued in his individual capacity, is an adult individual, and an employee of Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer, and State of New Jersey 08625.

6. Defendants, JOHN/JANE DOES 1-10, sued in their individual capacities, are adult fictitious individuals, whose correct identity cannot be presently ascertained, who were employees of Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, with a principal office at Bates Building 2nd Floor, Whittlesey Road and Stuyvesant Avenue, Trenton, County of Mercer, and State of New Jersey 08625.

7. On or about July 22, 2020, Plaintiff, KOFI BAYETE, was a resident of South Woods State Prison, 215 South Burlington Road, in the City of Bridgeton, County of Cumberland, and State of New Jersey 08302.

8. On or about the aforesaid date of July 22, 2020, Plaintiff, KOFI BAYETE, was housed in C-Pad cell 1024.

9. Plaintiff, KOFI BAYETE, possessed a word processor in prison.

10. Plaintiff, KOFI BAYETE, had his word processor with him in C-Pad cell 1024.

11. On or about this day, Plaintiff, KOFI BAYETE, was required to work on his pro se criminal appeal.

12. The completion day for his pro se criminal appeal was time sensitive.

13. Plaintiff, KOFI BAYETE, intended to use his word processor in his cell to work on his pro se criminal appeal and complete same within the proscribed time.

14. In order for his word processor to work, it was necessary for the cell to be equipped with an electrical outlet.

15. C-Pad cell 1024 was not equipped with an electrical outlet.

16. Plaintiff, KOFI BAYETE, requested of a corrections officer a move to a cell which was equipped with an electrical outlet.

17. Plaintiff, KOFI BAYETE's request for a move to a cell which was equipped with an electrical officer was granted by a corrections officer.

18. A few days later, Plaintiff, KOFI BAYETE, was moved to C-Pad cell 1023.

3

19. C-pad cell 1023 was equipped with an electrical outlet.

20. In the interim between the day of his move to C-Pad cell 1023 to August 11, 2020, Plaintiff, KOFI BAYETE, worked on his pro se criminal appeal on his word processor in C-Pad cell 1023 using the electrical outlet in C-Pad cell 1023.

21. On August 11, 2020, Plaintiff, KOFI BAYETE, was not yet done with his pro se criminal appeal.

22. On August 11, 2020, while still a resident of C-Pad cell 1023, Plaintiff, KOFI BAYETE, was approached by Defendant, LIEUTENANT JOBERT.

23. Defendant, LIEUTENANT JOBERT informed Plaintiff that by order of Warden Powell, he, KOFI BAYETE, was to be moved from C-Pad cell 1023 to C-Pad cell 1024.

24. Plaintiff, KOFI BAYETE, was aware that C-Pad cell 1024 was not equipped with an electrical outlet.

25. The reason Plaintiff, KOFI BAYETE, was aware that C-Pad cell 1024 was not equipped with an electrical outlet was that he (Kofi Bayete) had previously resided in cell 1024.

26. Plaintiff, KOFI BAYETE, explained to Defendant, LIEUTENANT JOBERT, that C-Pad cell 1024 was not equipped with an electrical outlet, and that C-Pad cell 1023 was equipped with an electrical outlet; he (Kofi Bayete) needed an electrical outlet in his cell in order to complete a pro se criminal appeal which he was working on using his word processor.

27. Plaintiff, KOFI BAYETE's explanation and plea to remain in C-Pad cell 1023 to Defendant, LIEUTENANT JOBERT, was to no avail.

4

28. Defendant, LIEUTENANT JOBERT informed Plaintiff that the move needed to be made by order of Warden Powell because another inmate also possessed a word processor and needed to do legal work on his word processor, and in order to do so, the other inmate needed to occupy C-Pad cell 1023, since it was equipped with an electrical outlet.

29. Defendant, LIEUTENANT JOBERT, informed Plaintiff that he, Plaintiff, was being bumped from C-Pad cell 1023 to make way for another inmate who was being given preferential treatment.

30. Defendant, LIEUTENANT JOBERT, further informed Plaintiff that the reason for the preferential treatment being given to the other inmate was that the other inmate's family member(s), friend(s) and attorney(s) on the outside were calling Warden Powell and demanding that their imprisoned family member be placed in a cell which was equipped with an electrical outlet so the imprisoned family member could do his legal work on his word processor.

31. Plaintiff, KOFI BAYETE's point of view, upon hearing this explanation from Defendant, LIEUTENANT JOBERT, was that for him (Kofi Bayete) to be bumped from C-Pad cell 1023 to C-Pad cell 1024 so that another inmate could receive preferential treatment was highly unfair to him (Kofi Bayete).

32. Plaintiff, KOFI BAYETE, verbally protested loudly his move to C-Pad cell 1024.

33. A few other corrections officers arrived.

34. Plaintiff, KOFI BAYETE, was handcuffed and moved out of C-Pad cell 1023 by Defendant, LIEUTENANT JOBERT, and corrections officers.

5

35. Plaintiff, KOFI BAYETE, was relocated into another cell.

36. During the time of his move, Plaintiff, KOFI BAYETE, continued to verbally protest loudly his move out of C-Pad cell 1023.

37. Defendant, LIEUTENANT JOBERT, and other corrections officers acted to de-escalate the situation and appropriately attempted to calm Plaintiff down.

38. Def., LIEUTENANT JOBERT, explained to Plaintiff that he (Lieutenant Jobert) did not like the order either, but the order came from Warden Powell and had to be obeyed.

39. Notwithstanding the efforts of Defendant, LIEUTENANT JOBERT, and corrections officers to de-escalate the situation, Plaintiff was irate and could not be calmed down.

40. Due to Plaintiff's agitation, Plaintiff was not inappropriately moved from C-Pad to ECU One by Defendant, LIEUTENANT JOBERT, and corrections officers.

41. Defendant, LIEUTENANT JOBERT, and corrections officers not inappropriately put Plaintiff in a cell in ECU One for 24 hour watch.

42. Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, now appeared in Plaintiff, KOFI BAYETE's cell.

43. Defendant, LIEUTENANT JOBERT, remained in or in the vicinity of Plaintiff's cell.

44. Plaintiff, KOFI BAYETE, is restricted to the use of a wheelchair due to inability to ambulate.

45. Plaintiff, KOFI BAYETE, is a disabled individual.

46. Plaintiff, KOFI BAYETE, was sitting in his wheelchair as Defendant, CORRECTIONS OFFICER ELBOUF, approached.

6

47. Defendant, CORRECTIONS OFFICER ELBOUF, told Plaintiff, KOFI BAYETE, to strip.

48. Plaintiff, KOFI BAYETE, obeyed the command and stripped.

49. Defendant, CORRECTIONS OFFICER ELBOUF, now told Plaintiff, KOFI BAYETE, to get down on the floor onto a mat which was on the floor.

50. Plaintiff, KOFI BAYETE, protested the command to get down on the floor.

51. Plaintiff, KOFI BAYETE, explained to Defendant, CORRECTIONS OFFICER ELBOUF, that he could not get down on the floor.

52. Plaintiff, KOFI BAYETE, further explained to Defendant, CORRECTIONS OFFICER ELBOUF, that once down on the floor he could not get up.

53. Def., CORRECTION OFFICER ELBOUF's response was "well, you better try to work it out."

54. Plaintiff, KOFI BAYETE, lowered himself to the floor, landing on his hands and knees, and in the process was caused to suffer a lot of pain.

55. After Plaintiff, KOFI BAYETE, was on the floor, Defendant, SERGEANT E. PIPITONE, removed Plaintiff's wheelchair from the cell.

56. Defendant, LIEUTENANT JOBERT, looked on while Defendant, SERGEANT E. PIPITONE, removed Plaintiff's wheelchair from the cell.

57. Plaintiff, KOFI BAYETE, was left alone in the 24 hour watch cell in ECU One.

58. While alone in the 24 hour watch cell in ECU One, Plaintiff, KOFI BAYETE, was deprived of his wheelchair.

59. While alone in the 24 hour watch cell in ECU One without his wheelchair, Plaintiff, KOFI BAYETE, was forced to crawl on the floor on his hands and knees.

7

60. The deprivations forced upon Plaintiff, KOFI BAYETE, lasted for four days.

61. During the entirety of the four days, Plaintiff, KOFI BAYETE, was forced to crawl on the floor on his hands and knees.

62. Further, although the cell was equipped with a toilet, Plaintiff, since he could not stand up, could not stand up to urinate or get on the toilet to urinate or defecate.

63. Due to not being able to stand up to use the toilet, Plaintiff, KOFI BAYETE, was forced to urinate on the floor.

64. As a consequence of being forced to urinate on the floor, Plaintiff, KOFI BAYETE, was forced to crawl on the floor on his hands and knees through his own urine.

65. Further, Plaintiff was deprived of a shower or being able to wash himself in the sink.

66. Prison personnel would leave Plf's meals and medication outside Plaintiff's cell door.

67. As a consequence of prison personnel's practice of leaving Plaintiff's meals and medication outside Plaintiff's cell door, Plaintiff would have to crawl on the floor on his hands and knees through his own urine to get his meals and medication, or else starve and do without his medication.

68. On August 14, 2020, Lieutenant Acosta, accompanied by Defendant, CORRECTIONS OFFICER ELBOUF, and other corrections officers, appeared in Plaintiff's cell.

69. Lieutenant Acosta commanded the corrections officers to restore Plaintiff to the use of his wheelchair.

70. The corrections officers obeyed Lieutenant Acosta's command.

71. With Lieutenant Acosta's order, Plaintiff, KOFI BAYETE's ordeal ended.

8

72. The law interpreting Title II of the ADA recognizes that acts excluding prisoners from programs and benefits of the prison such as toilets, showers, sinks and the ability to ambulate, move between and transfer oneself to such facilities on account of disability, are actionable under the ADA.

73. The acts by Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, excluding Plaintiff from the programs and benefits of the prison such as toilets, showers, sinks and the ability to ambulate, move between and transfer himself between such facilities on account of his disability, were in violation of Title II of the ADA.

74. State prisons are a place of public accommodation for purposes of NJLAD.

75. The acts by Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, excluding Plaintiff from the programs and benefits of the prison such as toilets, showers, sinks and the ability to ambulate, move between and transfer himself between such facilities on account of his disability, were in violation of NJLAD's provision prohibiting discrimination by a place of public accommodation.

76. Defendants, LIEUTENANT JOBERT, CORRECTIONS OFFICER ELBOUF, and SERGEANT E. PIPITONE, are liable under the aiding and abetting provision of NJLAD.

77. As a direct and proximate result of the conduct of Defs., Plf. suffered emotional distress.

WHEREFORE, Plaintiff, KOFI BAYETE, requests judgment against Defendants, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, LIEUTENANT JOBERT, CORRECTIONS OFFICER ELBOUF, and SERGEANT E. PIPITONE, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

9

COUNT II

42 U.S.C. SECTION 1983/NJCRA CLAIM AGAINST INDIVIDUAL DEFENDANTS SUED IN THEIR
INDIVIDUAL CAPACITIES

78. Plaintiff, KOFI BAYETE, repeats the allegations of the First Count, and incorporates the
same by reference as if fully set forth at length herein.

79. The law recognizes that to assert a successful Eighth Amendment conditions of
confinement claim, a plaintiff must show: (1) the deprivation alleged was objectively,
sufficiently serious so that the prison officials' acts or omissions resulted in the denial of
the minimal civilized measure of life's necessities, and this may be shown by the totality
of the circumstances; (2) that the prison officials exhibited deliberate indifference to his
health and safety, and the subjective knowledge requirement may be met by proof of
circumstantial evidence that the excessive risk to his health and safety was so obvious
that the official must have known of the risk.

80. The acts of Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE,
were so objectively, sufficiently serious so that their acts resulted in the denial of the
minimal civilized measure of Plaintiff, KOFI BAYETE's life necessities.

81. Further, Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE,
exhibited deliberate indifference to Plaintiff, KOFI BAYETE, and had subjective
knowledge of the excessive risk to which they put Plaintiff, KOFI BAYETE, due to the
obviousness of the risk.

82. Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, violated Plaintiff, KOFI BAYETE's right not to be deprived of the minimal civilized measure of life's necessities while in prison, under the Eighth Amendment.

83. Further, Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, violated Plaintiff, KOFI BAYETE's right not to be deprived of the minimal civilized measure of life's necessities while in prison, under N.J. Constitution Art. I Par. 12.

84. As a direct and proximate result of the conduct of Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiff, KOFI BAYETE, requests judgment against Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.


COUNT III

42 U.SC. SECTION 1983/NJCRA CLAIM AGAINST INDIVIDUAL DEFENDANT SUED IN HIS INDIVIDUAL CAPACITY

85. Plaintiff, KOFI BAYETE, repeats the allegations of the First – Second Counts, and incorporates the same by reference as if fully set forth at length herein.

86. The law recognizes that a supervisor may be individually liable under Sec. 1983 if he, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.

87. Defendant, LIEUTENANT JOBERT, as the person in charge, was personally present in the ECU One 24 hour watch cell and acquiesced in violations of Plaintiff's rights by his subordinates, Defendants CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE.

11

88. By acquiescing in violations of Plaintiff's rights by Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, Defendant, LIEUTENANT JOBERT, violated Plaintiff's right not to be deprived of the minimal civilized measure of life's necessities while in prison, under the Eighth Amendment.

89. Further, by acquiescing in violations of Plaintiff's rights by Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, Defendant, LIEUTENANT JOBERT, violated Plaintiff's right not to be deprived of the minimal civilized measure of life's necessities while in prison, under N.J. Constitution Article I Paragraph 12.

90. As a direct and proximate result of the conduct of Defendant, LIEUTENANT JOBERT, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiff, KOFI BAYETE, requests judgment against Defendant, LIEUTENANT JOBERT, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

COUNT IV

42 U.S.C. SECTION 1983/NJCRA RETALIATION CLAIM AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS INDIVIDUAL CAPACITY

91. Plaintiff, KOFI BAYETE, repeats the allegations of the First – Third Counts, and incorporates the same by reference as if fully set forth at length herein.

92. The law recognizes that a Section 1983 retaliation claim lies where prison officials act in ways motivated in substantial part by a desire to punish the prisoner for exercise of a constitutional right.

12

93. Plaintiff, KOFI BAYETE's verbal protest and irate opposition to being forced to move from a cell equipped with an electrical outlet to a cell not equipped with an electrical outlet, directed to Defendant, LIEUTENANT JOBERT, was protected activity under the First Amendment since it was the exercise of a right to access to the courts.

94. The law further recognizes that for a Sec. 1983 retaliation claim to succeed, a plaintiff must show: (1) that he was engaged in constitutionally protected conduct; (2) that prison officials caused him to suffer "adverse action," and that there is a causal connection between the two.

95. Defendant, LIEUTENANT JOBERT, was present in the ECU One 24 hour watch cell or in its vicinity, looked on, and acquiesced in the command by Defendant, CORRECTIONS OFFICER ELBOUF, for Plaintiff to get down on the floor, and the removal by Defendant, SERGEANT E. PIPITONE, of Plaintiff's wheelchair from the cell.

96. Defendant, LIEUTENANT JOBERT's failure to intervene when Defendant, CORRECTIONS OFFICER ELBOUF, commanded Plaintiff to get down on the floor, and when Defendant, SERGEANT E. PIPITONE, removed Plaintiff's wheelchair from the cell, was motivated in substantial part by a desire to punish Plaintiff for his earlier irate opposition to being moved to a cell without an electrical outlet.

97. Temporal proximity further establishes the causal connection between Plaintiff's protected activity of protesting his move to a cell not equipped with an electrical outlet, and Defendant, LIEUTENANT JOBERT's adverse action of acquiescing to the acts of Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE.

13

98. Defendant, LIEUTENANT JOBERT's conduct of punishing Plaintiff for asserting his right was prohibited retaliation for First Amendment protected activity.

99. Further, Defendant, LIEUTENANT JOBERT's conduct of punishing Plaintiff for asserting his right was prohibited retaliation for protected activity under N.J. Constitution Article I Paragraph 18.

100.    As a direct and proximate result of the conduct of Defendant, LIEUTENANT JOBERT, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiff, KOFI BAYETE, requests judgment against Defendant, LIEUTENANT JOBERT, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT V

## SECTION 503 OF THE ADA CLAIM FOR RETALIATION/NJLAD CLAIM FOR RETALIATION AGAINST STATE ENTITY (SEC. 503 AND NJLAD) AND INDIVIDUAL DEFENDANTS (NJLAD ONLY)

101.    Plaintiff, KOFI BAYETE, repeats the allegations of the First – Fourth Counts, and incorporates the same by reference as if fully set forth at length herein.

102.    The law recognizes that for a plaintiff to succeed on a Sec. 503 of the ADA or an NJLAD retaliation claim, he must show: (1) that he engaged in protected activity; (2) that he suffered an adverse action; and (3) a causal connection between the two.

103.    Plaintiff, KOFI BAYETE's verbal protest, directed to Defendant, CORRECTIONS OFFICER ELBOUF, about being put down on the floor in the ECU One 24 hour watch cell was protected activity, since he opposed conduct prohibited by the ADA and NJLAD.

14

104.    The removal of Plaintiff's wheelchair from the cell by Defendant, SERGEANT E. PIPITONE, was an adverse action.

105.    Temporal proximity provides a causal connection between the two.

106.    The act of retaliation consisting of removing Plaintiff's wheelchair from the ECU 24 hour watch cell by Defendant, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, was retaliation prohibited by Section 503 of the ADA and the reprisal provision of NJLAD.

107.    The act of retaliation consisting of removing Plaintiff's wheelchair from the ECU 24 hour watch cell by Defendants, CORRECTIONS OFFICER ELBOUF and SERGEANT E. PIPITONE, was retaliation prohibited by the reprisal provision of NJLAD; these individual defendants will also be liable under the aiding and abetting provision of NJLAD.

108.    As a direct and proximate result of the conduct by Defendants, STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, CORRECTIONS OFFICER ELBOUF, and SERGEANT E. PIPITONE, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiff, KOFI BAYETE, requests judgment against Defs., STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, C.O. ELBOUF, and SERGEANT E. PIPITONE, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

COUNT VI

CLAIM AGAINST FICTITIOUS DEFENDANTS

109.    Plaintiff, KOFI BAYETE, repeats the allegations of the First – Fifth Counts, and incorporates the same by reference as if fully set forth at length herein.

15

110.      Defendants, JOHN/JANE DOES 1-10, may be liable to Plaintiff under the ADA,

NJLAD, Sec. 1983 or NJCRA.

111.      As a direct and proximate result of the conduct of Defendants, JOHN/JANE DOES

1-10, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiff, KOFI BAYETE, requests judgment against Defendants, JOHN/JANE

DOES 1-10, for compensatory damages, punitive damages, reasonable attorney's fees, interest

and costs of suit.

JURY DEMAND

Plaintiff, KOFI BAYETE, requests a trial by jury of all issues which are triable by a jury.


DESIGNATION OF TRIAL COUNSEL

Peter Kober, Esq. is designated as trial counsel for Plaintiff, KOFI BAYETE.

KOBER LAW FIRM, LLC

BY:  s/ Peter Kober
Peter Kober, Esq.

DATED: April 21, 2022

CERTIFICATION OF NO OTHER ACTIONS

The matter in controversy is not the subject of any other action pending in any other court
or of a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best
of my belief, no other action or arbitration proceeding is contemplated. Further, other than the
parties set forth in this pleading, I know of no other parties that should be joined in this action.
I recognize the continuing obligation of each party to file and serve on all other parties and the
court an amended certification if there is a change in the facts of this certification.

KOBER LAW FIRM, LLC

BY:  s/ Peter Kober
Peter Kober, Esq.

DATED: April 21, 2022

16

**VERIFICATION**

I have read the verified complaint and the information contained in it is true and based on my personal knowledge.

The foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_MR. Kofi Bayete_

KOFI BAYETE

DATED: 4-15-2022

# Civil Case Information Statement

| **Case Details: CUMBERLAND | Civil Part Docket# L-000215-22** |
|---|

**Case Caption:** BAYETE KOFI  VS STATE OF NJ DEPT OF CORRECTIO

**Case Initiation Date:** 04/21/2022

**Attorney Name:** PETER M KOBER

**Firm Name:** KOBER LAW FIRM LLC

**Address:** 1864 RTE 70 EAST

CHERRY HILL NJ 08003

**Phone:** 8567615090

**Name of Party:** PLAINTIFF : Bayete, Kofi

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Kofi Bayete?** NO

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE** |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** YES

    **If yes, please identify the requested accommodation:**

    MOBILITY AIDS (WHEELCHAIR-GURNEY-BED)

**Will an interpreter be needed?** NO

    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/21/2022

Dated

/s/ PETER M KOBER

Signed